IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLLINGS DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN PETER BLUDWORTH,<br><br>Respondent. | Cause No. CV 24-15-BLG-SPW<br><br>ORDER |

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by state pro se petitioner Wayne A. Hussar ("Hussar"). (Doc. 1). Hussar challenges his state parole revocation that occurred in October of 2022, based, in part, upon an allegation that he absconded from supervision. (*Id.* at 2.)

i. **Motion to Proceed in Forma Pauperis**

Hussar seeks leave of the Court to proceed in forma pauperis ("IFP"). (Doc. 2.) Hussar has not provided a copy of his inmate account statement, but because there is no reason to delay this matter further, the IFP motion will be granted.

ii. **Background**

Hussar has filed various habeas petitions with this Court. Among the

1

petitions filed, Hussar challenged the 2009 revocation of his probationary sentence; that petition was denied on the merits. *See Hussar v. Touchette et al.*, Cause No. CV-11-07-H-DWM, Or. (D. Mont. April 18, 2011). Hussar then challenged his April 2017 arrest in Lewis and Clark County; that matter was dismissed as unexhausted. *Hussar v. Rieghard*, Cause No. CV-17-77-H-DLC, Ord. (D. Mont. August 31, 2017). Hussar challenged a sentence imposed in Lewis and Clark County following his August 8, 2018 revocation hearing, as well as a 2018 sentence for Assault on a Peace Officer and Partner or Family Member Assault. *See Hussar v. Green*, Cause No. CV-19-64-H-DLC, Pet. (filed Sept. 18, 2019). That matter was denied on the merits. *Hussar v. Green*, Cause No. CV-19-64-H-DLC, Ord. (D. Mont. May 27, 2020).

Relative to this matter, Hussar previously challenged the 2022 parole revocation. *See Hussar v. McTighe*, Cause No. CV-23-60-BLG-SPW-TJC, Pet. (filed June 6, 2023.) The Court considered the merits of his argument and determined that it did not warrant federal habeas relief. *Hussar v. McTighe*, Cause No. CV-23-60-BLG-SPW, Ord. (D. Mont. August 22, 2023) In the instant petition, Hussar raises claims similar to those that he previously advanced before this Court.

### iii. Second or Successive Petition

As a preliminary matter, it appears Hussar's present claims fail on the same

bases discussed in the Court's order dismissing his prior habeas petition. *See generally Hussar v. McTighe*, Cause No. CV-23-60-BLG-SPW, Ord. (D. Mont. August 22, 2023).

At this juncture, however, the repetitive nature of Hussar's claims matters not. This Court lacks jurisdiction to hear a second petition, challenging his 2022 parole revocation, unless Hussar first obtains authorization from the Court of Appeals to file a second habeas petition in this Court. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). To the extent Hussar intends to make any new arguments in his present petition, he may attempt to present those arguments to the Court of Appeals. As it stands, his present petition is an unauthorized second/successive petition and must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 149.

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Hussar is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before

a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Hussar obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### iv. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

## ORDER

1. Hussar's Petition (Doc. 1) is **DISMISSED** for lack of jurisdiction. Absent leave from the Ninth Circuit, Hussar should refrain from making further challenges to his 2022 revocation via § 2254 petitions.

2. Hussar's Motion to Proceed IFP (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 8th day of February, 2024.

Susan P. Watters
United States District Court